**AETNA CASUALTY & SURETY COMPANY**

v.

**KEMPER INSURANCE COMPANY, Carriers Insurance Company, Cleve Smith and Larry Kendricks.**

**Civil No. 85–5650.**

United States District Court, E.D. Pennsylvania.

March 19, 1987.

Michael Saltzburg, Philadelphia, Pa., for plaintiff.

Albert Hart, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This insurance case comes before the court on stipulated facts and cross motions for summary judgment that raise alternative questions: (1) whether two injured men were "occupants" of a motor vehicle, and if not, (2) whether an insured vehicle was "parked so as to cause unreasonable risk of injury."

On June 15, 1984, Cleve Smith was lawfully driving and Larry Kendricks was a passenger in a Cadillac automobile owned by Smith's girlfriend. This car was insured by plaintiff Aetna Casualty and Surety Company. Smith stopped the Cadillac on Route 22 to help a friend, Alvin Perry, whose pick-up truck was broken down. Defendant Kemper Insurance Company insured Perry's pick-up truck. Smith parked on the shoulder of the road four to five feet from where Perry's truck was stopped. While Smith was looking under the hood of the pick-up and Kendricks was standing nearby, both were injured when a tractor-trailer hit the rear of the pick-up. The accident occurred five to twenty minutes after Smith and Kendricks had stopped to help Perry. As a result of the accident, Aetna paid no-fault benefits to Smith and Kendricks. Because the tractor-trailer's insurance carrier has been liquidated and severed from this action, either Aetna, Kemper, or both are liable for the no-fault claims of Smith and Kendricks.

Pennsylvania's No-Fault Act established a seriatim order for the payment of basic loss benefits. 40 Pa.Stat.Ann. § 1009.-204(a) (repealed). Pursuant to this section, the "security", *i.e.*, the insurer responsible for payment of benefits, is determined by the status of the injured. The "security" for injury to:

(a) ...

(1) ...

(2) ...

(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and

(5) ...

*Id.* The parties agree that subparagraphs (1), (2), and (5) are inapplicable. Kemper contends that Smith and Kendricks were "occupants" of the Cadillac at the time of the accident; therefore, Aetna is responsible for their claims. In addition, Kemper asserts that if Smith and Kendricks were not "occupants" then the Cadillac was parked so as to cause unreasonable risk of injury; therefore, both vehicles are liable under subparagraph (4).[1]

In *Utica Mutual Insurance Co. v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005

---

**1.** The parties do not dispute that Perry was an "occupant" of the pick-up at the time of the accident. Moreover, a truck that is broken down is not a parked vehicle. Consequently, the pick-up was a "motor vehicle involved in an accident."

(1984), the Pennsylvania Supreme Court held that a person "occupies" a vehicle if he satisfies four criteria:

(1) there is a causal relation or connection between the injury and the use of the insured vehicle;

(2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it;

(3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and

(4) the person must also be engaged in a transaction essential to the use of the vehicle at the time.

473 A.2d at 1009.[2] There, the court found a person to be an "occupant" of his car while he was standing next to a police car. The court noted that the man, who had been involved in a minor accident, was required by law to stop his car. Moreover, the police officer directed him to go to the police car. Thus, the court found the person's actions "essential to the continued use of his car." *Id.*

<span style="background:black;">  </span> Here, the third and fourth criteria are not satisfied. In *Government Employees Insurance Co. v. Keystone Insurance Co.*, 442 F.Supp. 1130 (E.D.Pa.1977), the court found a person who left his car for the purpose of confronting the driver of another car, "ceased to be vehicle-oriented, and became, instead, highway oriented." *Id.* at 1134. Similarly, Smith and Kendricks became "highway-oriented" when they left the Cadillac for the purpose of helping Perry with his pick-up truck. Moreover, their actions were not essential to the use of the Cadillac. Unlike the situation in *Contrisciane*, where the person had to go to the police car before he could continue using his car, the actions of Smith and Kendricks were completely unrelated to the continued use of the Cadillac.

<span style="background:black;">  </span> Since Kendricks and Smith were not "occupants" of the Cadillac at the time of the accident,[3] Kemper is responsible since the pick-up was a motor vehicle involved in an accident. Aetna is liable if the Cadillac was parked so as to cause "unreasonable risk of injury." The accident occurred during rush hour on Route 22, a four lane highway. At the time of the accident, the Cadillac and pick-up were four to five feet apart and both stopped on the shoulder of the road. Because of its proximity to the pick-up and a major highway during rush hour, the Cadillac was parked in a position causing unreasonable risk of injury. The Cadillac would not have been involved in the accident nor would Smith have been pinned between the truck and the Cadillac if the Cadillac had been parked further down the road. Therefore, Aetna and Kemper are equally responsible for the past and future basic loss benefits that Smith and Kendricks are entitled to recover.

### ORDER

AND NOW, this 19th day of March, 1987, upon consideration of the parties' cross motions for summary judgment, it is hereby ordered that defendant Kemper Insurance Company is obligated to reimburse plaintiff Aetna Casualty & Surety Company for one-half of the basic loss benefits paid by Aetna Casualty & Surety Company to Cleve Smith and Larry Kendricks and each party is responsible to pay one-half of all further basic loss benefits that Cleve Smith and Larry Kendricks may be entitled to recover in the future as a result of injuries they sustained in the June 14, 1984 accident.

---

2. While *Contrisciane* was decided in connection with Uninsured Motorist Act, 40 Pa.Stat.Ann. § 2000, clearly the "occupant" test is equally applicable to questions arising under the Pennsylvania No-Fault law. *See Tucci v. State Farm Ins. Co.*, 503 Pa. 447, 469 A.2d 1025 (1983) (No-Fault law and Uninsured Motorist Act should be construed as one act because they relate to the same person or things); *Government Employees*

*Ins. Co. v. Noon*, No. 77–1978 (E.D.Pa.1978) (adopting a vehicle oriented versus highway oriented approach in construing "occupying" for purposes of the No-Fault Act).

3. Aetna claims that Kendricks and Smith were occupants of Perry's pick-up truck. Clearly, this argument has no merit.